Case 1:21-mj-00678-GMH   Document

Case: 1:21−mj−00678
Assigned To : Harvey, G. Michael
Assign. Date : 12/3/2021
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

On June 24, 2021, the United States Parole Commission issued an arrest warrant for Kendrick Smith (hereinafter referred to as the defendant), for violating conditions of his parole resulting from his conviction for assault with intent to rob while armed, armed robbery, and possession of a firearm during a crime of violence. On December 2, 2021, with knowledge of the warrant, Deputy United States Marshal (DUSM) Wells and members of the District of Columbia Superior Court warrants squad were in the area of Altamont Place S.E. and the 2500 block of Naylor Road S.E., Washington D.C., attempting to locate the defendant.

At approximately 0850 hours, DUSM Wells observed and positively identified the defendant exit 2585 Naylor Road SE Washington, D.C. 20020. DUSM Wells requested additional Deputies respond to the area to help take the defendant into custody. At approximately 0900 hours, the defendant was observed in the passenger seat of a black Mercedes E350 with Virginia temporary tags 99567E. Immediately after observing the defendant in the vehicle, DUSMs Wells, Batelli, and Dugan, who were wearing plain clothing, but wearing marked United States Marshal external vests with clearly visible "police" placards on both the front and rear of the vests, approached the vehicle and ordered the occupants to raise their hands and exit the vehicle.

The defendant was observed by DUSMs screaming and initially refused to unlock the door. After the door was unlocked by the driver, DUSMs Batelli and Dugan ordered the defendant to exit the vehicle. The defendant began screaming, "fuck you, fuck all you pigs." DUSM Dugan attempted to gain control of the defendant's arm to remove him from the vehicle. At that time, the defendant began to clench his body attempting to remain inside the vehicle. DUSMs Dugan and Batelli removed the defendant from the vehicle and placed him on the ground. While the defendant was being placed on the ground, DUSM Batelli observed two items which he immediately recognized as firearms fall from the defendant's waistband. The defendant continued to clench his body while on the ground, and was observed reaching toward his waistband with his right hand, despite continued orders to place his hand behind his back. The defendant was eventually and safely placed into handcuffs.

DUSMs performed a search incident to arrest of the defendant, and one glass pipe with charred burnt black ends was found in the defendant's front right pocket. Based on DUSM Wells' training and experience, this item is commonly used to smock crack cocaine.

Nearby Metropolitan Police Department (MPD) officers responded to the area of 2589 Naylor Road SE, where the defendant was placed in a marked police vehicle and transported to the Seventh District for processing. While inside the vehicle, the defendant spontaneously uttered to DUSMs that, "I told Gary [identified as the driver of the Mercedes] to pull off and he said 'I don't know what to do.'" The defendant continued this utterance by stating, "I should have killed that mother fucker." The defendant then began to address DUSMs directly and stated, "I was contemplating, can they shoot straight? Because I don't want them to hit an innocent bystander." The defendant addressed DUSMs Batelli and Dugan by stating, "I could have outrun him [motioning towards DUSM Batelli], but I may have had to put a couple in his vest [motioning towards DUSM Dugan]."

Department of Forensic Sciences CSU 90, Covington, responded and recovered the firearms. Upon further inspection, the first firearm was a Ruger P85 9mm caliber handgun bearing serial number 301-30740. The Ruger P85, contained one round of ammunition in the chamber with fifteen rounds of ammunition in the magazine, with a total capacity of fifteen rounds. The firearm appeared to be fully functional, designed to expel a projectile by the action of explosive, with a barrel length of less than 12 inches, and was capable of being fired by use of a single hand. The second firearm was a Zigana PX-9 9mm caliber handgun bearing serial number T0620-20BM0783. The Zigana PX-9 contained one round of ammunition in the chamber with eight rounds of ammunition in the magazine, which held a capacity of fifteen rounds. The firearm appeared to be fully functional, designed to expel a projectile by the action of explosive, with a barrel length of less than 12 inches, and is capable of being fired by use of a single hand. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have necessarily traveled in interstate commerce

WALES/NCIC checks on the firearms were conducted and revealed that neither firearm was registered (nor stolen) in the District of Columbia and that the defendant was not licensed to carry. A criminal history check of the defendant showed that he was previously convicted of a crime punishable by more than one year in D.C. Superior Court cases 1991 FEL 012966 (Armed Robbery) and 2002 FEL 007091 (Armed Robbery). The defendant was on parole at the time of his arrest and was aware at the time of this arrest that he had prior convictions for crimes punishable by more than one year.

Based on the foregoing, I submit that there is probable cause to believe that SMITH violated 18 U.S.C. § 922(g), which makes it a crime for a person previously convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm and/or ammunition.

_____
SPECIAL AGENT ERIK POTRAFKA
FEDERAL BUREAU OF INVESTIGATION

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 3rd day of December 2021.*

_____
G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE